**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| IN RE: | ) |
| | ) |
| | ) |
| | ) CASE NO. 11-15581 |
| GEM PROPERTIES | ) |
| | ) CHAPTER 11 |
| Debtor. | ) |

## NOTICE OF MOTION

TO:   Katie Gleason, U.S. Trustee; via facsimile (312-886-5794)
      Josh Bonkowski, via Facsimile ( 630-242- 7820)
      Gem Properties, via Hand Delivery
      Mark A. Berkoff, via E-mail (mberkoff@ngelaw.com)

   PLEASE TAKE NOTICE that on Wednesday, April 13, 2011 at 10:30 am., or as soon thereafter as counsel may be heard, I shall appear in courtroom 642 at the Courthouse located at **219 S. Dearborn, Chicago, IL**, and present the attached **Motion for Entry of Interim Order approving use of Cash Collateral and to set Hearing for Final Authorization to use Cash Collateral.**

                                              /s/Thomas W. Toolis
                                              Thomas W. Toolis

JAHNKE, SULLIVAN & TOOLIS, LLC.
Thomas W. Toolis
Firm # 44138
9031 W. 151st St, Suite 203
Orland Park, Illinois 60462
Attorneys for Debtor(s)
(708) 349-9333 (telephone)
(708) 349-8333 (facsimile)

## CERTIFICATE OF SERVICE

   The undersigned, being first duly sworn on oath, deposes and states that (s)he served the above-listed document to the above-listed party via facsimile transmission and/or U.S. Mail with proper postage prepaid by depositing said document in the mail located at 9031 W. 151st Street, Orland Park, IL 60462 on of April 12, 2011.

                                              /s/Thomas W. Toolis
                                              Thomas W. Toolis

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: | ) |
| | ) |
| | ) |
| | ) CASE NO. 11-15581 |
| GEM PROPERTIES | ) |
| | ) CHAPTER |
| Debtor. | ) |

## MOTION FOR ENTRY OF INTERIM ORDER APPROVING USE OF CASH COLLATERAL AND TO SET HEARING FOR FINAL AUTHORIZATION TO USE CASH COLLATERAL

NOW COMES, Gem Properties ("Debtor"), Debtor in Possession, by and through her attorneys hereby moves for the entry of an Order permitting use of cash collateral and for an emergency preliminary hearing, and, in support thereof, states as follows:

1. This case was commenced on April 12, 2011 when the Debtor filed a voluntary petition under Chapter of the Bankruptcy Code. No trustee has been appointed. The Debtor has continued to manage its business and assets and to administer the affairs of its estate as debtor in possession in accordance with 11 U.S.C §§ 1107 and 1108.

2. The Debtor is in the business of owning and operating multiple residential rental properties.

3. The collection **of moneys in the form of cash, and checks from those who pay rent and the local housing authority agencies,** constitutes the Debtor's sole sources of income.

4. The Debtor has an immediate and continuing need to use the cash proceeds of the estate to pay the expenses of operating its facilities including, salaries, maintenance and repair costs, utilities, association dues and insurance.

5. The Debtor proposes to use cash collateral as that term is defined in Sec. 363(a) of the United States Bankruptcy Code (the "Code") in the operation of its business. Such cash collateral arises from the collection of cash and accounts receivables generated prior to the filing of the petition.

6. At the time of filing, Debtor had approximately 86 residential rental units valued at

$2,100,000.00, per attached Exhibit A.

7. The entities listed below may have an interest in the cash collateral described above.

(a) **Bank Financial** loaned the debtor money in the amount of approximately **$4,500,000.00** and took a security interest in the rents collected by the Debtor by virtue of a recorded assignment of rents;

8. The debtor proposes to use cash collateral pursuant to Sec.363(a) of the Code in the ordinary operation of its business by collecting cash from the collection of rents generated by the leasing of its property. ***Debtor's Budget attached as Exhibit B.***

9. The Debtor has no source of income other than from the operation of its business.

10. If debtor is not permitted to use such proceeds it will have to close down its operations forthwith without paying its employees or making payments on its obligations. The debtor must have a hearing on this motion if a closing down of operations and the consequent harm to the estate are to be avoided. That harm would consist of the inability of the Debtor to pay for services necessary to keep its business running, and make payments on its obligations.

11. The respective interest of the secured creditors in cash collateral is adequately protected by the value of the assets in which there exists a security interest, the debtor's ongoing operation of its business, the Debtor's maintenance of hazard and liability insurance and payment of premiums thereon, the Debtor's performance of its duties to keep records and make reports pursuant to Bankruptcy Rule 2015, the Debtor's satisfaction of the U.S. Trustee's filing and reporting requirements, and the Debtor's compliance with all the provisions of the Code.

WHEREFORE the Debtor prays for the following:

1) That a preliminary hearing be held on this motion pursuant to Sec. 363(c)(3) of the Code and Rule 4001(b)(2) and (3) of the Bankruptcy Rules in order that immediate and irreparable harm to the estate may be avoided;

2) That the court set this Motion for a final hearing upon due notice pursuant to Sec.

363(c)(3) of the Code and Rule 4001(b)(2) and (3) of the Bankruptcy Rules;

    3)    That the Court authorize the Debtor to immediately and on an ongoing basis to use any and all of the cash proceeds of the Debtor to pay the ordinary expenses of operating the Debtor's business;

    4)    For such other and further relief as the Court sees fit to grant.

Respectfully submitted

By:   /s/Thomas W. Toolis
Thomas W. Toolis

Thomas W. Toolis of
JAHNKE, SULLIVAN & TOOLIS, LLC
Firm #: 44138
9031 W. 151st Street, Suite 203
Orland Park, IL 60462
(708)349-9333
(708)349-8333 Facsimile